Lawton *v.* Bruce.

---

## LAWTON *versus* BRUCE.

To secure the exemption of a homestead from attachment and levy for the debts of the owner, it is essential that a certificate, as indicated in § 4, of c. 207, of Acts of 1850, should be filed with the register of deeds, in the county where the land is situated.

Unless it clearly appears from the certificate, that exemption is claimed from the debts mentioned in § 1, of that chapter, it will only be effectual against such as accrue after its record.

But to be effectual against the debts provided against in § 1, it must appear, that the debtor was at the time of the contraction of such debt, the *owner* and *continued* to be such owner at the time of filing the certificate of the land to be exempted.

He cannot by such certificate effectuate an exemption from debts which originated *prior* to the time he acquired *title* to his land, although *after* Jan. 1st, 1850.

ON FACTS AGREED.

EJECTMENT.

The demandant's title rests upon the recorded levy of an execution. The tenant claims title by virtue of c. 207, of the Acts of 1850.

Demandant recovered his judgment on August 23, 1851, and had the same levied on June 29, 1852. The lot of land, with the buildings, did not exceed in value five hundred dollars.

A portion of the debt on which judgment was rendered accrued after Jan. 1850.

The land in controversy being tenant's homestead, was first conveyed to him by a recorded deed on April 17, 1849; and on August 11, 1851, he conveyed the same to William W. Bruce.

William, afterwards, on May 6, 1852, conveyed the same back to the tenant; and on the 8th day of the same May, he caused his certificate, claiming the same as his homestead exemption, to be recorded.

If the Court shall determine that the action is maintainable, the tenant is to be defaulted; otherwise a nonsuit to be entered with costs for the prevailing party.

*F. Allen,* for tenant.

1. Section 1, of c. 207, is absolute and unconditional; the lot shall be exempt from levy for all debts contracted *after* Jan. 1, 1850. The debt here was so contracted.

2. The 4th § of this Act is in the *alternative.* The head of a family *may* file a certificate; it is not imperative; not necessary in order to protect the homestead. It is only for the sake of convenience, only *prima facie* evidence of certain facts.

3. A creditor may show it to be untrue. It is a legislative mode of legalizing evidence which would not otherwise be so. The debtor is under no necessity of filing such certificate, it only facilitates his proof; his homestead is protected without it.

*North & Fales,* for demandant, maintained 1st, that a certificate of record was necessary in all cases before an ex-

emption can exist; that the very language of § 4 clearly demands it.

2. That if this view is in conflict with § 1, the answer was, that this section must yield to § 4. The last must stand. 6 Mod. R. 267; Co. Litt. 111 and 115.

3. But if both sections are to be reconciled, it may be done by applying them to two classes of cases; § 1, to those who owned and were in actual possession of a homestead at the time the Act took effect; § 4, to those who acquired a homestead after the Act took effect. This view will be strengthened by considering the Act of 1849, which was repealed by the Act of 1850.

The Act of 1849, exempted the *real estate* of a resident citizen to the amount of $500, from any debt contracted after Jan. 1, 1850; the Act of 1850, § 1, continued and confined the exemption to strictly a homestead, changing the general exemption of *real estate* to that only of a certain description.

By § 4, provision was made for those, who had not acquired a homestead at that time, but should afterwards, and might wish to have it exempted from debts, contracted after the certificate should be recorded.

Notice seems to have been intended in any event by the Legislature.

4. If either construction should prevail, the tenant had no case, for under the first no record was made, until the debt was contracted and judgment rendered; and under the second he did not acquire the lot until May, 1852, and made his record thereafter.

APPLETON, J. — On Aug. 14, 1849, an Act, c. 135, " to exempt homesteads from attachment and levy or sale on execution," was passed, which by its terms was " to take effect from and after the last day of December next." By this Act, real estate to the value of five hundred dollars was protected from seizure and sale, or levy on execution against its owner.

The Act of 1849 was repealed the following year by stat. c. 207, by the first section of which lands and buildings not exceeding five hundred dollars in value were exempted from "seizure or levy upon any execution issued on a judgment recovered for any debt contracted jointly or severally, after the first day of January in the year of our Lord one thousand eight hundred and fifty," which was the day when the Act repealed was to have taken effect. The design of this section, though varying from the law of the preceding year, which had exempted the real estate of the debtor claiming the benefit of that Act from levy or sale on execution "on any debt contracted after the passage" of the Act, was apparently intended to preserve and continue the rights acquired by the first statute and which but for this provision might have been lost.

It is provided, by c. 207, § 4, that the head of any family or any householder, wishing to avail himself of the benefits of *this* Act, may file a certificate, by him signed, declaring such wish and describing the property, with the register of deeds in the county where the same is situated; and upon receiving the fees now allowed for recording deeds, such register shall record the same in a book kept by him for that purpose; and so much of the property in said certificate described as does not exceed the value aforesaid, shall be forever exempt from seizure or levy on any execution issued on any judgment recovered for any *debt contracted jointly or severally by the person signing said certificate, after the date of the recording thereof;*" and the record in said register's office, shall be *prima facie* evidence that the certificate, purporting to be there recorded, was made, signed and filed, as appears upon such record, and "*upon being recorded as aforesaid,* the property as described *in the first section of this Act shall be exempted within the provisions thereof.*" By this section it is apparent that all wishing to avail themselves of the provisions of this Act must file their certificates, and that unless this be done, they cannot claim the exemptions thereby allowed. The statute provides for

two classes of exemptions; by § 1, from debts contracted after Jan. 1850, and by that in § 4, from debts accruing after the date of the recording of the certificate. But the record in each case is required for the protection of the public. The certificate should express clearly the exemption claimed, so that the public may be advised of the class of demands from which the estate is to be protected. If the debtor claims under § 1, "the property *as described* in the first section of this Act shall be exempted within the provisions thereof," otherwise, the date of the recording of the certificate is the limit of indebtedness to which the estate is exposed.

In this case, the defendant owned the land in dispute on the 1st of Jan. 1850, and would have been within the provisions of § 1, had he retained his title and filed his certificate. But on the 11th of Aug. 1851, he conveyed the land to William W. Bruce, and by that conveyance, it at once became liable to attachment, for the right of exemption conferred by the statute is not transferable. The defendant, upon the conveyance of the estate, became divested by his own act, of all right to assert any of the privileges conferred by statute.

On May 6, 1852, the defendant again acquired title by a conveyance from William W. Bruce, and on the next day made his certificate, as required by statute, which was recorded on May 8. His rights, consequently, originated under the last conveyance, and are limited by its date. But the debt upon which the judgment was rendered, and on which the execution issued upon which the plaintiff's levy was made, accrued prior to the date of the deed under which the defendant now claims. He cannot, therefore, claim exemption under § 4, as the judgment was recovered on a debt contracted prior to the recording of his certificate.

By the agreement of parties, as the defence is not established, a default must be entered. *Defendant defaulted.*

TENNEY, J., took no part in the opinion, not being present at the argument.