TRUSTEES OF THE BALTIMORE ANNUAL CONFERENCE VS. SCHELL, impleaded, &c.

Chapter 137, General Laws of 1858 (R. S., p. 798), which provides that "the owner of a homestead may remove therefrom, or sell and convey the same, and such removal or sale and conveyance shall not render such homestead subject to forced sale on execution or other final process hereafter issued on any judgment," does not apply to executions issued upon judgments which had become liens *prior* to the passage of the law. *Seamans v. Carter*, 15 Wis., 549, adhered to.

The doctrine of this court in *Hoyt vs. Howe*, 3 Wis., 765, that under the homestead exemption laws, prior to the passage of ch. 137, Laws of 1858, a judgment became a lien on the homestead of the debtor, which might be enforced by a sale whenever the property ceased to be his homestead, also adhered to.

Section 1, chap. 237, Laws of 1860, declares that "no judgment rendered by the United States court for the district of Wisconsin, or by any other court of record in this state, shall hereafter be a lien or incumbrance upon any lands or tenements within any county in the state, until a transcript of the docket of such judgment shall be filed with the clerk of the circuit court" for such county. *Held*, that there is nothing in this language which indicates an intention to have it apply to judgments rendered prior to its passage.

Whether chap. 50, Laws of 1858, relating to the same subject, was designed to apply to judgments rendered prior to its passage, is not here decided. It was repealed by ch. 134, Laws of 1859.

A judgment was rendered in the United States court for the district of Wisconsin, in June, 1856, which became a lien upon the homestead of the judgment debtor in Milwaukee county. In July of the same year the debtor mortgaged the premises, and in August, 1859, sold them. *Held*, in an action to foreclose the mortgage, that such judgment was a prior and existing lien, although no transcript of the docket thereof had ever been filed with the clerk of the circuit court of said county.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage on lot 4 and the south half of lot 3, block 63, in the city of Milwaukee, and also upon another lot. The mortgage was executed by *Joseph W. Haskin and wife*, July 22, 1856, as a security for the payment of $9000 and interest, and by its terms the sum of $9,540 was claimed to be due. An issue was made by the pleadings, between the plaintiffs and the defendant *Schell*, as to whether the latter had a lien upon said lot 4 and the south half of lot 3, block 63, by virtue of a judgment recovered by him against said

*Haskin* in the United States Court for the district of Wisconsin, June 9, 1856; the plaintiffs alleging that on the day last mentioned, and from that time until August 16, 1859, said premises were owned and occupied by *Haskin* as a homestead; that on said 16th of August, 1859, he sold and conveyed them to one Harrison; and that they were exempt from the lien of such judgment. The circuit court found that the premises were so occupied by *Haskin* as a homestead at the time of the rendition of said judgment; and held that they were relieved from the lien of the judgment by chap. 137, Gen. Laws of 1858 (R. S., p. 798); and rendered judgment accordingly. From this decision *Schell* appealed.

*O. H. Waldo* and *Wells & Brigham*, for appellant:

Did the law of 1858 divest the lien of the appellant's judgment? 1. No statute will be construed to be retroactive unless the intention of the legislature to make it so is clearly expressed in the law. *Dash v. Vankleeck*, 7 Johns., 477; *Wood v. Oakley*, 11 Paige, 403; *Berley v. Rampacher*, 5 Duer, 188; *Gerry v. Inhabitants of Stoneham*, 1 Allen, 323; *Gault's Appeal*, 33 Penn. St., 99; *State v. Atwood*, 11 Wis., 422; *Weissner v. Wells*, 9 id., 472. Since this appeal was taken, this court has decided that the act in question is not retroactive. *Seamans v. Carter*, 15 Wis., 548. 2. The lien of a judgment is such a vested right as no legislation can disturb. *Westervelt v. Gregg*, 2 Kern., 202; *Berley v. Rampacher*, 5 Duer, 188; *Morse v. Goold*, 1 Kern., 282; *Smith v. Bradstreet*, 16 Pick., 264. But it is said that the act of 1858 takes away the right to sell the land under an execution on the appellant's judgment, and therefore, if the lien of the judgment is not expressly taken away, it is a barren right, of which the court will not take notice. To this there are two answers: (1.) We do not bring thi action. The plaintiffs bring us into court as defendants, and seek to cut off our lien, which they allege is subordinate to theirs. We simply insist on the priority of our lien, and that if the court gives the plaintiffs a sale of the property, and con-

verts it into money, we may retain the advantage of our priority of lien. (2.) Before the act of 1858, the appellant had both a right and an adequate remedy against the land upon the removal of *Haskin. Hoyt v. Howe*, 3 Wis., 752. If the taking away of the right to sell has made the lien vain, the law which produces that effect violates the constitutional guaranty to every person of " a certain remedy in the laws."

*Emmons, Van Dyke & Hamilton, contra.*

1. Judgments of the federal courts acquire their lien on land by adoption (under the provisions of the process acts of 1789, 1792 and 1828) of the lien conferred on judgments of state courts by their practice or state statutes, and *by that mode only*, congress not having enacted that judgments of federal courts should possess any lien on lands. *Wayman vs. Southard*, 10 Wheat., 1; *U. S. vs. Halstead*, id., 51 ; *Shrew vs. Jones*, 2 McLean, 78 ; *Lombard vs. Bayard*, 1 Wallace, Jr., 196 ; *Beers vs. Haughton*, 9 Pet., 360 ; *Thompson vs. Phillips*, 1 Baldwin C. C., 273 ; *Ross vs. Duval*, 13 Pet., 45 ; *Koning vs. Bayard*, 2 Paine C. C., 341 ; *U. S. vs. Morrison*, 4 Pet., 124. 2. The lien of judgments of the federal courts being thus derived, and when enforced, it being done under the authority of state laws, it must submit to any changes which the state legislature may make ; and such laws are constitutional, the lien of a judgment not being property or a vested right in property. *Thompson vs. Phillips* and *Koning vs. Bayard, ubi supra ; Corwin vs. Bertram*, 2 Ohio St., 36 ; *Tarpley vs. Hamer*, 9 S. & M, (Miss.), 310 ; *Bonaffee vs. Fisk*, 13 id., 682 ; *Brown vs. Bacon*, 27 Miss., 589 ; *Grinder vs. Nelson*, 9 Gill, 299 ; *Conard vs. Atlantic Ins. Co.*, 1 Pet., 443 ; *Morse v. Goold*, 1 Kern., 281 ; *People v. Livingston*, 5 Wend., 529 ; *McCormick v. Alexander*, 2 Ham., 284. 3. Section 5, ch. 102, R. S. 1849 (sec. 36, ch. 132, R. S. 1858) makes the judgment a lien upon all the real property of the debtor. This, upon its face, might extend the lien to the homestead as well as to any other lands, if the lien of a judgment were, in fact, anything more than the right to subject

the property to process in the manner prescribed by law.. Sec. 63, ch. 102, R. S. 1849, (sec. 8, subd. 1, ch. 134, R. S. 1858,) in terms authorized the sale of any real estate which the debtor might have had at the time of docketing the judgment. And yet sec. 51, ch. 102, R. S. 1849, and sec. 23, ch. 134, R. S. 1858, expressly forbid the sale of the homestead. A majority of this court, in *Hoyt v. Howe*, 3 Wis., 759, held that that part of sec. 5, ch. 102, R. S. 1849, which makes the judgment a lien upon all of the debtor's real estate, "is not modified" by sec. 51 of the same chapter, but "the two sections are compatible." We submit that these views are not tenable, and that opinion should not be sustained by the court. "A judgment creditor, by his general lien, has no *jus in re ;* his right is merely *jus ad rem ;* executory, not executed; hence inchoate. It is not, *per se*, a property or right in the land itself. If he possesses such a lien, he must enforce it in the manner prescribed by law. "It only confers a right to levy on the property, to the exclusion of other adverse interests subsequent to the judgment." *Conard v. The Atlantic Ins. Co.*, 1 Peters, 443-4; *McCormick v. Alexander*, 2 Ham. (O.), 65 (284); *Heirs of Ludlow v. Johnson*, 3 id., 388. If this is the proper definition of the lien of a judgment, how could it exist upon the homestead, with a statute in force absolutely forbidding the sale of the homestead upon execution or other final process? Law Register, vol X, p. 715. It was held in Illinois, under a statute substantially the same as ours, that the owner of a homestead might sell or mortgage it, and the grantee or mortgagee would take it free from the lien of a judgment against the grantor. *Green v. Marks*, 25 Ill., 221. The principle upon which *Dorsey v. McFarland*, 7 Cal., 342; 8 id., 75; *Alley v. Bay*, 9 Iowa, 509; and *Yost v. De Vault*, id., 60, were decided, sustains the above decision of the supreme court of Illinois. 4. Chap. 137, Gen. Laws of 1858 (R. S. p. 798) was intended by the legislature to have a retroactive effect. The rule of construction laid down by the court in *Sea-*

*mans v. Carter* is not applicable to a law like that under consideration, but only to cases where vested property would be interfered with by giving the act a retroactive operation. Sedgw. on Stat. & Con. Law, 692; *Clarke v. McCreary*, 12 S. & M., 347. In other cases, "when there is anything doubtful in a statute, it is the duty of a court, in expounding it, to give it such construction as will comport with what is supposed to have been the intention of the enacting power." *McCormick v. Alexander*, 2 Ham., 257 (284.) See also *People v. Livingston*, 6 Wend., 526; *Morse v. Goold*, 1 Kern., 281; *Grinder v. Nelson*, 9 Gill, 299; *Curtis v. Leavitt*, 17 Barb., 311; *Platt v. Robinson*, 10 Wis., 128; *Root v. Pinney*, 11 id., 84; *Wood v. Lake*, 13 id., 84. The acts of 1849 and 1858, being passed in pursuance of the mandate of sec. 17, Article I of the constitution, to exempt a reasonable amount of property from seizure or sale for the payment of any liability *thereafter* contracted—i. e. after the adoption of the constitution—should be liberally construed to carry out that intention. Counsel further contended that it was the clear intention of the legislature, by the act of 1858, to enable all persons who then held homesteads exempt from sale on execution, to remove from or sell and convey the same, without forfeiting such exemption.

*By the Court*, COLE, J. The decisions in *Hoyt vs. Howe* and *Seamans v. Carter* dispose of this case. The doctrine of the former case is very familiar to the public. We are not inclined, at this time, to review that case or examine the principles upon which it rests. It is quite likely that cases can be found in conflict with that decision. And it is not entirely unsupported by authority, as the following cases arising under exemption laws not dissimilar to our own, clearly show. *Allen vs. Cook*, 26 Barb., 374; *Lawton vs. Bruce*, 39 Maine 484; *Chamberlain vs. Lyell*, 3 Mich. (Gibbs), 448. It may be that a lien which the judgment creditor can not enforce by a sale upon execution, or some process of court, is really of but little

value. Yet the present case, and others of like character, abundantly prove that such a lien is not always valueless and to be disregarded.

In *Seamans vs. Carter* we held that chap. 137, Laws of 1858, was prospective in its character, and did not affect the operation of any judgment rendered prior to the passage of the law. It is insisted that this construction of that enactment is incorrect. But after diligently considering the able argument of the counsel for the respondent upon this point, we adhere to our construction of the law. We are satisfied that the legislature did not intend it should operate upon all judgments, those already in existence and those afterwards rendered. Our reasons for this construction, having already been given, need not be restated.

It is objected that the *Schell* judgment has never been docketed according to the law of 1858 (chap. 50), so as to make it and continue it a lien upon real estate. The judgment was rendered June 9th, 1856. That it was a lien under the statutes of 1849 can hardly admit of discussion. In 1858, the legislature provided that judgments of the United States district court and of other courts of record in the state, should not thereafter be a lien or incumbrance upon real estate within any county, until a transcript of the docket of such judgment was filed with the clerk of the circuit court for the county in which such real estate was situated. This enactment was substantially incorporated in the revision of 1858. Sections 49 and 50, chap. 132. Now, waiving the question whether this legislation was intended to apply to existing judgments, it seems to be sufficient to say that the law was changed at the next meeting of the legislature. Chap. 134, Laws of 1859. In 1860 there was still further legislation upon the subject. Chap. 237. There is nothing in the latter statute which indicates an intention to have it apply to judgments rendered prior to its passage. We have no doubt that the *Schell* judgment was a

lien upon the premises, which could be enforced when they ceased to be occupied by *Haskin* as a homestead.

The judgment of the circuit court must therefore be reversed, and the cause remanded for further proceedings according to law.